43 F.3d 712
 310 U.S.App.D.C. 61
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Kevin Lamont JONES, Appellant.
 No. 94-3026.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 14, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court had determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Jones argues that the drugs on which his conviction for possession with intent to distribute is based should have been suppressed because they are the fruit of an illegal seizure.
 
 
 5
 The district court was entitled to credit Officer McCaffrey's testimony that he observed appellant pass a small object to an unidentified person in exchange for U.S. currency in a high crime area that was notorious for illegal drug distribution. Because Officer McCaffrey was an experienced narcotics officer, who had participated in between 4000 to 5000 narcotics arrests, his belief that a drug transaction had occurred and that, at a minimum, an investigatory stop was warranted was reasonable. It is of no import that Officer Tucci did not himself witness the exchange. It was sufficient that Officer McCaffrey's belief was reasonable and that he communicated his conclusion that a stop was warranted to Officer Tucci before Officer Tucci attempted to detain appellant. See United States v. Hensley, 469 U.S. 221 (1985); Whitley v. Warden, 401 U.S. 560 (1971).
 
 
 6
 The district court was entitled to credit Officer Tucci's testimony that appellant started to run before the officers ran and before Officer Tucci drew his gun. Appellant was not seized from the moment the officers began running after him, or from the moment Officer Tucci drew his gun. "A person has been seized within the meaning of the Fourth Amendment only if in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Jordan, 958 F.2d 1085, 1086 (D.C.Cir.1992) (quoting United States v. Mendenhall, 446 U.S. 544 (1980)). Appellant was not seized within the meaning of the Fourth Amendment until he actually submitted to the assertion of authority. California v. Hodari D., 499 U.S. 621, 626-27 (1991); United States v. Washington, 12 F.3d 1128 (D.C.Cir.1994).
 
 
 7
 In view of appellant's admission that he was involved in the distribution of illegal drugs, and in view of the testimony of appellant's neighbors that they recognized the persons who pursued appellant as police officers, the district court's finding that Jones knew he was being pursued by police before he submitted was not clearly erroneous. Thus, appellant's flight from the police was a factor that was validly considered in determining whether probable cause existed. United States v. Washington, 12 F.3d 1128, 1133 (D.C.Cir.1994).
 
 
 8
 Even had the officers not had probable cause before appellant submitted to their show of authority, Officer McCaffrey's initial observation of a two-way exchange in a high drug area certainly gave rise to reasonable articulable suspicion for a brief investigatory stop and, in view of Officer's Tucci's observation of appellant's hand on his pocket during the chase, a frisk for weapons. Terry v. Ohio, 392 U.S. 1 (1968). Appellant's admission that he possessed cocaine during the officers' legitimate investigatory stop created probable cause to arrest appellant and seize the drugs.